UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| IN RE: Matthew R. Mathias | ) CHAPTER 13 |
| | ) |
| | ) Case No. 23-80331 |
| | ) |
| Debtor(s) | ) Judge Thomas Lynch |

### NOTICE OF TRUSTEE'S MOTION TO DISMISS WITH A ONE YEAR BAR TO REFILING ANY BANKRUPTCY PROCEEDING

Please take notice that on May 25, 2023, at 10:00 a.m., I will appear before the Honorable Thomas M. Lynch, or any judge sitting in that judge's place, **either** in courtroom 3100 of the Stanley J. Roszkowski U.S. Courthouse, 327 S. Church St. Rockford, IL 61101, **or** electronically as described below, and present the motion of **TRUSTEE'S MOTION TO DISMISS WITH A ONE YEAR BAR TO REFILING ANY BANKRUPTCY PROCEEDING** a copy of which is attached.

**All parties in interest, including the movant, may appear for the presentment of the motion either in person or electronically using Zoom for Government.**

You may appear electronically by video or by telephone.

**To appear by video**, use this link: https://www.zoomgov.com/. Then enter the meeting ID and passcode.

**To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and passcode.

**Meeting ID and passcode.** The meeting ID for this hearing is 160 291 5226, and the passcode is 852255. The meeting ID and passcode can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without calling it.

Date: April 26, 2023

/s/ LYDIA S. MEYER, Trustee
308 West State Street, Suite 212
Post Office Box 14127
Rockford, IL 61105-4127
Telephone: 815/968-5354
Fax: 815/968-5368
Email: ch13@lsm13trustee.com

## **CERTIFICATE OF SERVICE**

The undersigned declares under penalty of perjury under the laws of the United States of America that a copy of this notice and motion was mailed to the debtor(s) in envelopes addressed as indicted of Matthew R. Mathias 55 W. Crabapple Ave. Cortland, IL 60112 bearing first class postal indicia on the 26th day of April 2023. A copy of the notice and motion was served via CM/ECF to Attorney David Cutler, and Patrick S. Layng on the 26th day of April 2023.

*/s/ Heather Fagan*

LYDIA S. MEYER, Trustee
308 West State Street, Suite 212
Post Office Box 14127
Rockford, IL  61105-4127
Telephone:  815/968-5354
Fax:  815/968-5368

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| MATTHEW R MATHIAS | ) | CASE NO. 23-80331 |
| | ) | |
| Debtor(s). | ) | |

**TRUSTEE'S MOTION TO DISMISS WITH A
ONE YEAR BAR TO REFILING ANY
BANKRUPTCY PROCEEDING**

NOW COMES Lydia S. Meyer, the standing Chapter 13 Trustee for the United States Bankruptcy Court for the Northern District of Illinois, Western Division, and as for her Motion to Dismiss with a One Year Bar to refiling any Bankruptcy Proceeding states as follows:

1. The debtor(s) filed for Chapter 13 relief on _3/22/23_.
2. The 341 (a) Meeting of Creditors held on _4/24/2023_ was...
   - ☒ Concluded
   - ☐ Taken off calendar
   - ☐ Continued to _____.
3. ☐ The debtor(s) failed to appear [11 USC 341(a)] for 341 meeting on _____.
4. ☒ The debtor(s) failed to commence Chapter 13 Plan payments [11 USC 1326(a)(1)].
5. ☒ The debtor(s) is/are delinquent in the Chapter 13 Plan payments.
6. ☐ The post-petition payments to secured creditors are delinquent.
7. ☐ The debtor(s) is/are not eligible for Chapter 13 [11 USC 109(e)(g)].
8. ☐ The trustee objects to the exemption(s) claimed [B.R. 4003(b)]
9. ☐ The Debtors/Husband/Wife are not entitled to a discharge.
10. The plan filed _4/3/2023_ by the debtor(s) fails to meet confirmation requirements and the Trustee objects to confirmation of the Chapter 13 plan for the following reasons:
    - ☒ The proposed Chapter 13 Plan is not feasible [11 USC 1325(a) (6)] as the debtor(s) lacks sufficient regular income [11 USC 109(e)] and/or debtor(s) cannot afford plan payments _per 341, debtor is not currently working at Target_
    - ☐ The Chapter 13 Plan unfairly discriminates against class of general unsecured claims [11 USC 1322(b)(1)].
        - ☐ Plan pays creditor _____ as secured beyond value of collateral.
        - ☐ Plan proposes to pay _____ at 100% while other unsecured creditors receive less than 100%.
        - ☐ Plan proposes to pay _____ directly which results in that creditor being paid 100% while other unsecured creditors are being paid less than 100%.

LIQUIDATION –
- ☒ Proposed Chapter 13 plan fails to meet liquidation value [11 USC 1325 (a)(4)]
    - ☒ Non-exempt equity $ _100100_ Plan only paying $ _22700_
    - ☒ Must be 100%
    - ☐ Must be 100% with interest
    - ☐ Fair market value of real estate higher per tax assessment than listed on schedule A.
    - ☐ Other _____

DISPOSABLE INCOME -
Proposed Chapter 13 plan fails to provide that all of debtor(s)' projected disposable income to be received during the applicable commitment period will be applied to make payments to unsecured creditors under the plan, [11 USC 1325 (b)(1)(B)] or no cause to extend.

- ☐ Income higher for debtor/wife/husband per _____
- ☐ Unreasonable expenses _____
- ☐ Proof of following expenses required _____
- ☐ 401k loan deduction $_____ - Plan payment should increase when 401k loan is paid.
- ☒ Tax Refunds above $2,000 should be paid into plan in addition to plan payments. PER 341, DEBTOR SHALL RECEIVE $9000 - $10000 FOR TAX REFUNDS FOR 2019 AND 2021. THESE FUNDS SHOULD BE PAID INTO THE PLAN IF PLAN IS NOT AMENDED TO PAY 100%. IF THESE TAX REFUNDS ARE INTERCEPTED TO PAY OUTSTANDING CHILD SUPPORT ARREARAGE, DEBTOR WILL NOT LONGER HAVE AN ONGOING CHILD SUPPORT OBLIGATION AND THE PLAN PAYMENT SHOULD INCRASE ACCORDINGLY
- ☒ Other  CHILD SUPPORT IS LISTED ON BOTH SCHEDULE I AND J- ONLY ONE DSO HOLDER IS LISTED . PER 341, THIS IS A DUPLICATE EXPENSE.
- ☐ Below Median Debtor
    - ☐ Excess per I/J =  $_____
    - Plan payments only  $_____
    - ☐ Other  _____
- ☒ Above Median Debtor
    - ☐ Plan proposed is not 60 months.
    - ☒ Plan payment is insufficient – Debtor's actual monthly income minus IRS allowances requires plan payment of $ 4,045.00 ; Plan proposes payment of $ 1,708.00 - THE PLAN COULD PAY 100% AT THIS PAYMENT. THIS CAN BE DETERMINED WHEN THE BAR DATE HAS PASSED
    - ☒ Following expenses are inconsistent between schedules I/J and form 122C2  EDUCATION $100.00 / $0 MORTGAGE $1,450.00 / $1,405.00, CHILD SUPPORT $511.00 / $0 AND HEALTHCARE $200.00 / $0
    - ☐ Following lines are incorrect on 122C1/122C2: _____
    - ☐ Amended 122C1 Required.
    - ☐ Other _____
    - ☒ Cannot be determined if above or below median income or if disposable income requirement met in above median case
        - ☐ Need proof of income for prior 6 months
        - ☒ Number in household in question  3 per I/J but 2 per 122c1
        - ☐ Amended 122C1 required _____

PLAN PROBLEMS -
- ☐ Plan fails to provide for following secured creditors _____
- ☐ Plan fails to provide for full payment of all claims entitled to priority as required by Section 507(a)(1)(B).
- ☐ Plan fails to provide for fixed monthly installments for all secured creditors in paragraph 3.1, 3.2, 3.3, and 3.4 [11 USC 1325 (a)5].
- ☐ Following claims will not be paid off within plan term at fixed monthly payment amount. _____
- ☐ Plan payment is insufficient to cover all fixed payments to creditors and Trustee's fees.

- [x] The Plan fails to include the following language - "The Plan will conclude before the end of the initial term only as such time as allowed claims are paid in full with interest required by the plan."
- [ ] The proposed Chapter 13 plan will not complete within 60 months [11 USC 1315(a)4].
- [x] The plan proposes to pay certain creditors as secured.   The documents indicated below are needed for the following creditors:

| SELENE FINANCE | [x] Timely filed Proof of Claim |
| (Creditor) | [x] Security Documents |
| _____ | [ ] Timely filed Proof of Claim |
| (Creditor) | [ ] Security Documents |
| _____ | [ ] Timely filed Proof of Claim |
| (Creditor) | [ ] Security Documents |

- [ ] The following creditors listed in 3.2 and/or 3.4 did not receive notice pursuant to Rule 7004: _____
- [ ] The plan was not noticed to all creditors.
- [ ] Notice was not provided to: _____
- [ ] Debtor failed to list and provide notice to: _____
- [ ] The following boxes are not checked: _____
- [ ] The debtor(s) has/have failed to file Chapter 13 Plan in good faith. [11 USC 1325 (a) (3)]
- [x] Prior bankruptcy filings by debtor(s) __CHAPTER 13 DISMISSED OCTOBER 25, 2019 FOR FAILURE TO PAY, CHPATER 13 DISMISSED MAY 28 2020 AND JANUARY 5, 2023 ON THE TRUSTEE'S OBJECTION__
- [x] Other: __THE DEBTORS PRIOR CASE, WHICH WAS JUST DISMISSED ON JANUARY 5, 2023 ON THE TRUSTEE'S OBJECTION, THE MORTGAGE ARREARAGE WAS $60,312.37.  THIS CASE HAS THE MORTGAGE **__
- [x] Debtor(s) have failed to produce the following documents required by 11 USC 1308(a)2, 521(e)2(A) and 521(a)1(B)1v:
  - [ ] Proof that the debtor(s) filed the last 4 years of tax returns – 11 USC§1307(e) states that the Court shall dismiss or convert a case to Chapter 7 upon the debtor's failure to file no later than the day before the date of the original creditors meeting all tax returns for all taxable periods ending during the 4 year period ending on the date of the filing of the petition.
  - [x] Copy of Federal income tax return for __2022__. Pursuant to 11 USC§521(e)2(B), if the debtor fails to provide the most recent tax return 7 days before original first meeting of creditors, the Court shall dismiss the case unless the debtor shows that the failure to comply is "due to circumstances beyond the control of the debtor."
  - [ ] Paycheck stubs – Pursuant to 11 USC 521, debtor's failure to file copies of all payment advices or other evidence of payment received within 60 days before the filing of the petition by the debtor from any Employer shall result in the automatic dismissal of the case on the 46th day after the date of the filing of the petition.
  - [x] The debtor(s) has/have failed to cooperate with the trustee [11 USC 521(a) (3)] as the following document(s) was/were not provided:
    - [ ] Acceptable certificate that debtor has completed the requisite debtor briefing [11 USC 109(h)1]
    - [x] Amended schedule E listing name and address of the holder of any domestic support obligation. INTIAL DOMESTIC SUPPORT OBLIGATION LETTER WAS RETURN WITH NO FORWARDING ADDRESS NEEI UPDATED ADDRESS FOR ANNA LAUZON

** ARREARAGE ESTIMATED AT $75,000.00 WHICH WOULD INDICATE THE DEBTOR DID NOT MAKE ONE SINGLE MORTGAGE PAYMENT WHILE THE PREVIOUS CASE WAS PENDING.

      ☐  Certification that the debtor has paid all amounts required to be paid under a domestic support obligation [11 USC 1325(a)8] or that the debtor(s) have no domestic support obligations
☐ Paycheck stubs
☐ Proof of Income from _____
☐ Profit and Loss statements
☒ Business Questionnaire and all attachments
☐ Proof of Social Security number
☒ Other __PROOF THE DEBTOR IS CURRENT WITH THE POST PETITION MORTGAGE PAYMENTS__

11.  ☒  Attorney's Fees Issues – Listed here for informational purposes only – these issues will not bar confirmation:
    ☒ No fee application filed
    ☐ Fee Application not noticed
    ☐ Fee application and order are inconsistent
    ☐ Other _____

WHEREFORE, the Trustee objects to confirmation of the Chapter 13 Plan for the foregoing reasons and requests that this case be dismissed with a One Year Bar.

_/s/ LYDIA S. MEYER_
LYDIA S. MEYER

LYDIA S. MEYER, Trustee
308 West State Street, Suite 212
Post Office Box 14127
Rockford, IL 61105-4127
Telephone: 815/968-5354 Fax: 815/968-5368

8-19-19